UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KIMBERLY WILLIAMS, | ) |
| Plaintiff, | ) Case: 1:24-cv-01421 |
| v. | ) |
| THE CARLE FOUNDATION, | ) Jury Trial Demanded |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Kimberly Williams ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against The Carle Foundation ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendants race-based discrimination, race-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Kimberly Williams resided in Peoria County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, The Carle Foundation was a corporation doing business in and for Peoria County, Illinois, whose address is 221 Northeast Glen Oak Avenue, Peoria, IL 61636.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a sleep assistant from October 11, 2010 until her unlawful constructive discharge on or around August 22, 2024 on the basis of her race.

13. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

14. Plaintiff is African American and is a member of a protected class because of her race.

15. Since at least February 2024 through her unlawful constructive discharge, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of race, violating §1981 and Title VII.

16. In or around February 2024, Julie Fisher (Caucasian) made a racially insensitive comment after Plaintiff mentioned she brought up the subject of her boyfriend from Africa, stating "They're gonna be like "Coming to Africa", clearly referencing Plaintiff's race (African American).

17. Plaintiff immediately engaged in protected activity to protest the unlawful race discrimination, informing Ms. Fisher to stop and that her comment was racist.

18. Unfortunately, despite Plaintiff's clear objection, the discriminatory behavior continued.

19. On or around May 22, 2024, Plaintiff had extension braids in her hair.

20. Ms. Fisher, while facetiming her daughter, pointed the camera towards Plaintiff and began singing: "Bald head Scallywag, don't got no hair in the back, perm it, weave it, girl you know she need it."

21. This offensive song was clearly aimed at mocking Plaintiff's mocking hairstyle, which is inherent to her race and identity as an African American.

22. Ultimately, Plaintiff engaged in protected activity to report Ms. Fisher to her manager via email.

23. Subsequently, Ms. Fisher expressed a need to speak with higher-ups in Defendant's company concerning Plaintiff's allegations of race-based harassment.

24. Plaintiff declined a group meeting out of fear of further treatment by Ms. Fisher.

25. On May 27, 2024, Plaintiff additionally reached out to Defendant's corporate HR via phone call to further report Ms. Fisher.

26. Plaintiff ultimately did get a solo meeting with Manager Sam (LNU, Caucasian), and spoke about the racially discriminate things Ms. Fisher was saying.

27. Unfortunately, no investigation or remedial action was taken by Defendant following this meeting, even in spit of Kim Lauber from HR promising Plaintiff she would get back to her.

28. On or around June 5, 2024, following Ms. Fisher's meeting with Manager Sam, Ms. Fisher came into the office and began complaining about the lights.

29. The following day, June 6, 2024, despite the lights always being dim, Ms. Fisher began increasing the brightness in the office in a pointed attempt to obstruct Plaintiff from doing her work.

30. Specifically, turning up the brightness in the office created a glare on Plaintiff's computer which inhibited her ability to complete her work.

31. When Plaintiff requested that the lights be dimmed again, Manager Sam brought in Supervisor Eric (LNU, Caucasian) who sided with Ms. Fisher, further ostracizing Plaintiff.

32. On or around June 7, 2024, Plaintiff spoke to the in-house diversity group, who

4

agreed that Plaintiff was experiencing race discrimination.

33. However, when Plaintiff complained again about the lighting situation on or around June 14, 2024, Supervisor Eric informed Plaintiff that she could be moved to a tech room, not Ms. Fisher.

34. Manager Sam intervened, offering to investigate the situation, but no resolution was ever provided.

35. Instead, Supervisor Eric simply lowered the shades and took pictures, while Manager Sam sent Plaintiff an email stating that there would now be accountability regarding the use of phones and music in the workplace.

36. This served as further targeted treatment against Plaintiff on the basis of her race, and notably similarly situated individuals outside of Plaintiff's protected class were not targeted in this way.

37. From this point until Plaintiff's constructive discharge, Ms. Fisher continued to report Plaintiff for various non-infractions, none of which were communicated to Plaintiff.

38. Furthermore, Ms. Fisher's discriminatory intent was clear, as she would often return to her chair giggling as if she had "won" and could get away with such blatant race-based treatment.

39. Ultimately, Plaintiff continued to be isolated and mistreated on the basis of race (targeted for baseless infractions), creating an environment that no reasonable person could continue to work in.

40. Therefore, on or around August 22, 2024, Plaintiff was constructively discharged on the basis of her race.

41. Plaintiff was retaliated against and her employment was ultimately constructively discharged for opposing unlawful discrimination and for exercising her protected rights.

42. Plaintiff reported the race-based harassment to Defendant.

43. Plaintiff suffered multiple adverse employment actions including, but not limited to being constructively discharged.

44. There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to.

45. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

**COUNT I**
**Violation of 42 U.S.C. §1981**
**(Race-Based Discrimination)**

46. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

47. Section 1977 of the Revised Statutes, 42 U.S.C. §1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

48. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal, intentional race discrimination in violation of 42 U.S.C. §1981.

49. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

50. Defendant's unlawful conduct resulted in considerable harm and adverse employment action to Plaintiff and Plaintiff is therefore entitled to all legal and equitable remedies under §1981.

51. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

52. Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

53. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

54. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's race.

55. Plaintiff met or exceeded performance expectations.

56. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

57. Plaintiff's employment was constructively discharged on the basis of Plaintiff's race.

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

59. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss

of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Harassment)

60.     Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

61.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

62.     Defendant knew or should have known of the harassment.

63.     The race-based harassment was severe or pervasive.

64.     The race-based harassment was offensive subjectively and objectively.

65.     The race-based harassment was unwelcomed.

66.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* due to Plaintiff's race, African-American.

67.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

68.     As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

69.     Plaintiff repeats and re-alleges paragraphs 1-45 as if fully stated herein.

70.     Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq.*

71.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to

8

Defendant about conduct that constituted race discrimination and/or race-based harassment.

72. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*

73. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of race discrimination or harassment.

74. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

75. Plaintiff's suffered adverse employment action in retaliation for engaging in protected activity.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the race-based discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

77. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

78. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c.      Compensatory and punitive damages;

    d.      Reasonable attorneys' fees and costs;

    e.      Award pre-judgment interest if applicable; and

    f.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of October, 2024.

/s/ *Mohammed O. Badwan*
**MOHAMMED O. BADWAN, ESQ.**
IL Bar No.: 6299011
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*