IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KIMBERLY WILLIAMS,
    Plaintiff,

v.

CARLE FOUNDATION,
    Defendant.

Case No. 1:24-cv-01421-JEH-RLH

**Order**

Now before the Court is the Defendant Carle Foundation's ("Carle") Motion to Dismiss. (D. 14).[1] For the reasons stated, *infra*, the Motion is DENIED.

**I**

Plaintiff commenced this cause of action on October 28, 2024. (D. 1). On December 27, 2024, the Defendant filed a Motion to Dismiss Plaintiff's Complaint. (D. 9). Plaintiff subsequently sought leave to file an amended Complaint on January 10, 2025, (D. 12), which this Court granted on January 14, 2025. *See* 01/14/2025 Text Order. The Plaintiff filed her amended Complaint on January 17, 2025, (D. 13), to which the Defendant filed a Motion to Dismiss the Plaintiff's amended Complaint on January 29, 2025. (D. 14). Plaintiff filed a Memorandum in Opposition on February 12, 2025. (D. 17). On May 08, 2025, the Court ordered supplemental briefing in response to a recent case from the Seventh Circuit potentially impacting the Court's consideration of the Motion to Dismiss. The Defendant filed its supplemental brief on May 20, 2025, (D. 18 at ECF p. 1), conceding that case's applicability. Accordingly, the matter is now fully briefed.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

II

According to the Complaint, the Plaintiff is an African American woman who worked for the Defendant as a sleep assistant from October 11, 2010, until August 22, 2024. (D. 13 at ECF p. 2-3). She alleges that since February, 2024, she was subjected to "different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of her race" and that she was constructively discharged as a result. *Id.* at ECF p. 3. Among her claims, she states that Julie Fisher, a Caucasian woman, "made a racially insensitive comment after Plaintiff mentioned she brought up the subject of her boyfriend from Africa," by stating, "They're gonna be like 'Coming to Africa'",[2] in reference to Plaintiff's race. *Id.* Plaintiff states that she subsequently "engaged in protected activity to protest the unlawful race discrimination" and asked Ms. Fisher "to stop and that her comment was racist." *Id.* Later, on May 22, 2024, Plaintiff claims that she had "extension braids in her hair" and that Ms. Fisher, "while facetiming her daughter, pointed the camera towards Plaintiff and began singing: 'Bald head Scallywag, don't got no hair in the back, perm it, weave it, girl you know she need it,'" and alleges that the "offensive song" was "mocking Plaintiff's [] hairstyle, which is inherent to her race and identity as an African American." *Id.* Plaintiff states she subsequently reported Ms. Fisher to her manager via email, but "declined a group meeting out of fear of further treatment [sic] by Ms. Fisher." *Id.* at ECF p. 4. On May 27, 2024, Plaintiff states that she reached out to "Defendant's corporate HR via phone call to further report Ms. Fisher," and that she received a "solo meeting" with "Manager Sam" and spoke

---

[2] Plaintiff states in her Charge of Discrimination filed with the EEOC, that this comment was in reference to a film. (D. 13-1 at ECF p. 2). Defendant assumes this is a reference to the film, "Coming to America." (D. 15 at ECF p. 3).

2

about the "racially discriminate things Ms. Fisher was saying." *Id.* But, after the meeting, Plaintiff states that "no investigation or remedial action was taken by Defendant" even despite "Kim Lauber from HR promising Plaintiff she would get back to her." *Id.* Subsequently, on June 5, 2024, Plaintiff alleges that "following Ms. Fisher's meeting with Manager Sam, Ms. Fisher came into the office and began complaining about the lights", and that the following day, "Ms. Fisher began increasing the brightness in the office in a pointed attempt to obstruct Plaintiff from doing her work." *Id.* Plaintiff alleges this "created a glare" on her computer and that when she requested the lights be dimmed again, "Manager Sam brought in Supervisor Eric" who "sided with Ms. Fisher, further ostracizing Plaintiff." *Id.* Plaintiff claims she spoke with the in-house diversity group on June 7, 2024, "who agreed that Plaintiff was experiencing race discrimination." *Id.* at ECF p. 4-5. When Plaintiff complained about the lights again on June 14, 2024, Supervisor Eric informed her she could be moved to a tech room, but not Ms. Fisher. *Id.* at ECF p. 5. She states that Supervisor Eric "simply lowered the shades and took pictures, while Manager Sam sent Plaintiff an email stating that there would now be accountability regarding the use of phones and music in the workplace." *Id.* Plaintiff alleges this was further "targeted treatment against her on the basis of her race" which "created a workplace so intolerable that she was left with no reasonable choice but to resign." *Id.* She alleges that when she brought the alleged mistreatment to the attention of management, her situation worsened and that she was subjected to "retaliatory measures that served to silence her and punish her for standing up against racism." *Id.* at ECF p. 6. She states that "baseless write-ups became a routine weapon," and that she was "excluded from meetings, denied critical information, and ostracized by colleagues", in addition to having projects "reassigned without explanation". *Id.* Plaintiff states that Ms. Fisher continued "to report Plaintiff for various non-infractions" that were not communicated to her

and that her mental health eroded as a result of her work conditions. *Id.* at ECF p. 7. To redress these allegations, Plaintiff filed the instant Complaint alleging four causes of action. *Id.* at ECF p. 9-13. In Count One, the Plaintiff alleges race-based discrimination in violation of 42 U.S.C. § 1981, Count Two alleges race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, Count Three alleges race-based harassment in violation of Title VII of the Civil Rights Act of 1964, and Count Four alleges retaliation in violation of Title VII of the Civil Rights Act of 1964. *Id.* The Defendant has moved to dismiss all counts pursuant to Federal Rule of Civil Procedure 12(b)(6). (D. 14 at ECF p. 1-2).

## III

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)). Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.* However, the Seventh Circuit has held that, at least in the Title VII context, alleging facts to establish a prima facie case of discrimination is

4

not necessary to survive a Motion to Dismiss. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337-39 (7th Cir. 2024). "All the complaint need do is state a grievance." *Id.*

## A

In Count Three, the Plaintiff alleges race-based harassment in violation of Title VII. (D. 13 at ECF p. 11). In other words, Plaintiff alleges a hostile work environment based on race. (D. 17 at ECF p. 6-7). For the reasons that follow, the Court determines that the Plaintiff has stated a claim adequate to survive the Motion to Dismiss.

First, Plaintiff alleges that in February of 2024, "Julie Fisher (Caucasian) made a racially insensitive comment after Plaintiff mentioned she brought up the subject of her boyfriend from Africa," stating, "They're gonna be like 'Coming to Africa', clearly referencing Plaintiff's race (African American)." (D. 13 at ECF p. 3). Second, in May 2024, while Plaintiff had extension braids in her hair, she claims Ms. Fisher—while facetiming her daughter—pointed the camera towards Plaintiff and began singing an offensive song, "Bald head Scallywag, don't got no hair in the back, perm it, weave it, girl you know she need it." *Id.* Third, on June 2024, Ms. Fisher came into the office complaining about the lights and "despite the lights always being dim, Ms. Fisher began increasing the brightness in the office in a pointed attempt to obstruct Plaintiff from doing her work", which "created a glare on Plaintiff's computer" that "inhibited her ability to complete her work." *Id.* at ECF p. 4. When she brought this to the attention of a manager, Sam, he sided with Ms. Fisher and when Plaintiff complained again, a supervisor, Eric, offered to move Plaintiff to a tech room but "no resolution was ever provided." *Id.* at ECF p. 4-5. Following this, the shades were lowered and pictures were taken, and the manager, Sam, sent Plaintiff an email stating "there would now be accountability regarding the use of phones and music in the workplace." *Id.* at ECF p. 5.

Given that the Seventh Circuit has recently held that in the Title VII context, "all a complaint has to say" is "'I was turned down for a job because of my race'", *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024) (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)), the Court finds Plaintiff's Complaint is sufficient to meet that standard as the Plaintiff has alleged comments that may constitute racial discrimination while she was employed by the Defendant Carle, and Count Three may proceed.

**B**

In Counts One and Two, the Plaintiff pleads race-based discrimination in violation of 42 U.S.C. § 1981 and Title VII, respectively. (D. 13 at ECF p. 9-10). Section 1981 guarantees equal rights to all citizens regardless of race and in the context of employment provides that all people have the "same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 758 (7th Cir. 2020) (citing 42 U.S.C. § 1981(a)). Title VII prohibits employers from "'discriminat[ing] against any individual . . . because of such individual's race, color, religion, sex, or national origin.'" *Id.* (citing 42 U.S.C. § 2000e-2(a)(1)). These kinds of claims can be considered together "because both statutes 'have the same liability standards.'" *Id.* (citing *Walker v. Abbott Lab'ys.*, 340 F.3d 471, 474 (7th Cir. 2003)). Accordingly, for purposes of its analysis of the Motion to Dismiss, the Court considers Counts One and Two together.

To survive a Motion to Dismiss alleging discrimination under Title VII, "[a]ll the complaint need do is state a grievance." *Thomas*, 120 F.4th at 1338. In this case, the Plaintiff has alleged she is a member of a protected class because of her race and that the "Defendant's conduct against Plaintiff's race amounts to a pattern or practice of race discrimination" in reference to the facts that the Court has previously recounted. (D. 13 at ECF p. 8-10 & D. 17 at ECF p. 4). She has also pled that she was meeting her employer's legitimate expectations as she has worked for

the Defendant for over a decade, that she has suffered an adverse employment action in the form of a constructive discharge, and that she was treated less favorably than Ms. Fisher, an individual that is not a member of the Plaintiff's protected class. *Id.* at ECF p. 5. In light of these facts and the pleading standard set out by the Seventh Circuit in *Thomas*, Counts One and Two may proceed. 120 F.4th at 1337-39.

### C

In Count Four, the Plaintiff alleges retaliation in violation of Title VII of the Civil Rights Act of 1964. (D. 13 at ECF p. 11). The Plaintiff states that she complained about conduct constituting race discrimination and harassment, a protected activity, and that the Defendant failed to investigate or prevent further recurrences and that she "suffered adverse employment action in retaliation for engaging in protected activity." *Id.* The Defendant contends that Plaintiff has not made out a prima facie case of retaliation. (D. 15 at ECF p. 16-20). For the reasons that follow, the Court disagrees with the Defendant that the Plaintiff must establish the elements of a prima facie case of retaliation.

In *Thomas*, the Seventh Circuit expressly held that alleging facts sufficient to establish the elements of a prima facie case—at least in the Title VII context—do not apply as a pleading standard that plaintiffs must satisfy to survive a motion to dismiss. 120 F.4th at 1338-39. In this case, the Plaintiff states that she engaged in the statutorily protected activity of complaining about "racially charged remarks to her manager". (D. 17 at ECF p. 8). Second, Plaintiff states that she suffered an adverse employment action "in the form of a constructive discharge because the "ongoing harassment and retaliation" was "intentionally done to push her to quit." (D. 17 at ECF p. 8). Plaintiff states that there is "a causal link between Plaintiff's complaints about the race-based discrimination and harassment and her constructive discharge because when Plaintiff brought this mistreatment to

management's attention . . . her situation only worsened." (D. 17 at ECF p. 8). She states that "she found herself increasingly isolated" and "ostracized by colleagues." (D. 17 at ECF p. 8-9). In addition, the Plaintiff asserts a causal link between her complaints and her constructive discharge because "baseless write-ups became a routine weapon, designed to discredit her exemplary work and tarnish her professional reputation." (D. 17 at ECF p. 8). Here, the Plaintiff has "stated a grievance" sufficient to survive the Motion to Dismiss. *See Thomas*, 120 F.4th at 1338-39. Accordingly, Count Four may proceed.

## IV

For the reasons stated, *supra*, the Defendant's Motion to Dismiss, (D. 14), is DENIED. The Defendant is file to its Answer within fourteen days and this matter is referred to Magistrate Judge Hanna for further proceedings.

*It is so ordered.*

Entered on May 21, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE